791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EMERY J. ADAMS, Plaintiff-Appellee (84-3646)
Plaintiff-Appellant (84-3690),
v.
PERRY TOWNSHIP TRUSTEES; JAMES HOLMES, TRUSTEE; HAROLD
BUTLER, TRUSTEE; PAUL MAY, TRUSTEE,
Defendants-Appellants (84-3646)
Defendants-Appellees (84-3690),
ADDISON WOOD, Defendant.
 84-3646, 84-3690
 United States Court of Appeals, Sixth Circuit.
 4/22/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; MERRITT and JONES, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendants appeal from a judgment awarding damages to the plaintiff in this civil rights action. The plaintiff was a policeman in Perry Township, Ohio who was suspended from his position as 'acting sergeant' and put on 30 days probation, though the township board of trustees found him neither innocent nor guilty of the charge of misconduct which was the purported basis for disciplining him. After being advised by counsel that it could not discipline the plaintiff without determining that he was guilty of misconduct, the board of trustees eventually rescinded all disciplinary action against plaintiff after the probationary period had expired.
 
 
 2
 The plaintiff brought this action, proceeding under 42 U.S.C. Sec. 1981 on a claim of racial discrimination and under 42 U.S.C. Sec. 1983 on a claim of denial of procedural due process in the proceedings which resulted in discipline. The district court found as a matter of law that the defendants had violated procedural due process and directed a verdict on that claim. The court then submitted the claim of racial discrimination to the jury along with the question of damages for the due process violation. The jury returned a verdict for the defendant on the section 1981 claim of racial discrimination and awarded a substantial amount of damages to the plaintiff on the directed verdict under section 1983.
 
 
 3
 On appeal the defendants argue that the plaintiff had no property interest in his temporary appointment as 'acting sergeant' and that they, not plaintiff, were entitled to a directed verdict on the section 1983 claim. The record discloses that the defendants did not object to the instruction on damages which permitted the jury to return a verdict awarding general damages for the procedural due process violation, though they now contend that the verdict was excessive and resulted from passion and prejudice.
 
 
 4
 Since the same statute which appears to create a property right in all police district employees also provides for judicial review in the state courts of any disciplinary action taken against a police district employee, the defendants could have raised the issue of whether 42 U.S.C. Sec. 1983 provided a remedy in this case since there was a statutory remedy provided in the state court system. See Parratt v. Taylor, 451 U.S. 527 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). However, this issue was not raised in the district court or in this court and was waived.
 
 
 5
 Since this court finds no error in the proceedings in the district court, as the issues were litigated, the judgment of the district court is affirmed.